IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ronnie Lee Cash, ) | C/A No. 0:16-716-MGL-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Warden Joseph McFadden, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner Ronnie Lee Cash, a self-represented state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 14.) Cash filed a response in opposition (ECF No. 28), and the respondent replied (ECF No. 29). Having carefully considered the parties' submissions and the record in this case, the court finds that Cash's Petition is barred by 28 U.S.C. § 2244(d) as untimely.

**BACKGROUND**

Cash was indicted in February 2004 in Spartanburg County for murder (2004-GS-42-1083). (App. at 791-92, ECF No. 15-2 at 293-94.) Cash was represented by Thomas A.M. Boggs, Esquire, and on July 27-29, 2004, was tried by a jury and found guilty as charged. (App. at 563, ECF No. 15-2 at 65.) The circuit court sentenced Cash to life imprisonment. (App. at 565, ECF No. 15-2 at 67.) Cash did not appeal his conviction or sentence.

Cash filed a *pro se* application for post-conviction relief on July 18, 2005 ("2005 PCR"). (<u>Cash v. State of South Carolina</u>, 05-CP-42-2193, App. at 568-75, ECF No. 15-2 at 70-77.) Through



collateral counsel John B. White, Jr., Esquire, and Beverly D. Jones, Esquire, Cash amended his PCR application. (App. at 576-81, ECF No. 15-2 at 78-83.) On September 19, 2006, the PCR court held an evidentiary hearing at which Cash appeared and testified and continued to be represented by John B. White, Jr., Esquire, and Beverly D. Jones, Esquire. By order filed January 24, 2008, the PCR court denied and dismissed Cash's PCR application with prejudice. (App. at 739-48, ECF No. 15-2 at 241-50.) Cash, through counsel, filed a motion to alter or amend the PCR court's order pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure, which was denied by order filed February 14, 2008. (App. at 749-63, ECF No. 15-2 at 251-65; App. at 790, ECF No. 15-2 at 292.)

Cash appealed. In his PCR appeal, Cash was represented by Assistant Appellate Defender Robert M. Pachak, Esquire, who filed a petition for a writ of certiorari that presented the following issue:

> Whether there was evidence to support the PCR judge's findings that petitioner was not entitled to a belated appeal?

(ECF No. 15-4.) The State filed a return. (ECF No. 15-5.) By order filed August 29, 2011, the South Carolina Court of Appeals granted certiorari and directed the parties to "brief the direct appeal issue set forth in the petition for a writ of certiorari and any other meritorious issues pursuant to White v. State, 263 S.C. 110, 208 S.E.2d 35 (1974),[1] and Rule 243(i)(2), SCACR." (ECF No. 15-6 at 1.) Cash, through counsel, filed a brief in which he raised the following issue:

> Whether the trial court erred in failing to grant a directed verdict to the charge of murder?

---

[1] Pursuant to White, an applicant that did not freely and voluntarily waive his direct appellate rights may, in his PCR proceeding, seek leave to file a belated direct appeal, and thereafter may petition the South Carolina Supreme Court for review of direct appeal issues.



(ECF No. 15-7.) The State filed a response. (ECF No. 15-8.) By opinion filed September 12, 2012, the South Carolina Court of Appeals affirmed the decision of the lower court. (Cash v. State, No. 2012-UP-527 (S.C. Ct. App. Sept. 12, 2012), ECF No. 15-9.) The remittitur was issued October 1, 2012 and was filed with the Spartanburg County Clerk of Court on October 2, 2012. (ECF No. 15-10.)

Cash filed a second *pro se* application for post-conviction relief on October 17, 2012 ("2012 PCR"), which he later amended. (Cash v. State of South Carolina, 12-CP-42-4381, ECF No. 15-11; ECF No. 15-12.) The State filed a return and motion to dismiss. (ECF No. 15-13.) The PCR court held a hearing on November 10, 2015, at which Cash was represented by N. Douglas Brannon, Esquire. On July 15, 2016, the PCR court issued an order in which it denied and dismissed Cash's 2012 PCR application as successive to his prior PCR application, as untimely under the limitations provision of the Uniform Post-Conviction Procedure Act, S.C. Code Ann. § 17-27-45, and as barred by the doctrine of *res judicata* with respect to Cash's claims of ineffective assistance of counsel.[2]

During this time, on September 17, 2014, Cash, through counsel, also filed a motion in the Spartanburg County Court of General Sessions seeking a new trial based on after-discovered evidence pursuant to Rule 29(b) of the South Carolina Rules of Criminal Procedure. The state court held a hearing on May 22, 2015, at which Cash continued to be represented by N. Douglas Brannon, Esquire. On July 20, 2015, the state court issued an order denying Cash's motion. (ECF No. 15-16.)

---

[2] The PCR court's order is not contained in the record provided by the respondent and is attached hereto as Attachment A. This document is available through the Spartanburg County Clerk of Court as a public record, and can be found online at www.spartanburgcounty.org (choose "Departments," then choose "Clerk of Court," then choose "Public Index Search," accept the disclaimer, then search for Case # "2012CP4204381," follow the hyperlink for the docket, select "Actions," and open the image of the July 15, 2016 Order) (last visited Sept. 8, 2016).



According to the respondent, Cash did not appeal the state court's order. (Respt.'s Mem. Supp. Summ. J., ECF No. 15 at 7-8.)

Cash filed the instant Petition for a writ of habeas corpus on February 29, 2016. (ECF No. 1.)

## FEDERAL HABEAS ISSUES

Cash's federal Petition for a writ of habeas corpus, with attachments, raises approximately ten grounds for relief, as summarized by the respondent. (See Pet., ECF Nos. 1 & 1-1; Respt.'s Mem. Supp. Summ. J., ECF No. 15 at 8-16.)

## DISCUSSION

**A.    Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the

entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.    Statute of Limitations**

The respondent argues that Cash's Petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1).³ The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see Gonzalez v. Thaler, 132 S. Ct. 641 (2012). Cash did not file a direct appeal; however, in his appeal of the denial of his 2005 PCR application he was granted

---

³ Although the court agrees with the respondent's argument that Cash's Petition is untimely, the court disagrees with the respondent's calculation in support of his argument and finds that Cash's statutory limitations period did not begin to run until much later than the date offered by the respondent.



a belated direct appeal pursuant to White v. State. The South Carolina Court of Appeals affirmed the decision of the trial court after conducting a review of Cash's direct appeal issues by order filed September 12, 2012. Cash's conviction thus became final pursuant to § 2244(d)(1)(A) on September 27, 2012—the expiration of the time in which Cash could have timely filed a petition for rehearing with the South Carolina Court of Appeals.[4] See Rule 221(a), SCACR (instructing that a petition for rehearing "must be actually received by the appellate court no later than fifteen (15) days after the filing of the opinion, order, judgment, or decree of the court"); Gonzalez, 132 S. Ct. at 653-54 ("[B]ecause [petitioner] did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired."); Jimenez v. Quarterman, 555 U.S. 113 (2009) (holding that when a petitioner is granted the right to file a belated appeal, the limitations period for the filing of a § 2254 petition begins anew); Clay v. United States, 537 U.S. 522, 527 (2003) (holding that a federal judgment becomes final "when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari," or, if a petitioner does not seek certiorari, "when the time for filing a certiorari petition expires"). Accordingly, the limitations period began to run on September 28, 2012, and expired September 27, 2013, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying

---

[4] Because Cash did not timely seek certiorari from the South Carolina Supreme Court, he is not entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court. Hammond v. Hagan, C/A No. 4:07-1081-JFA, 2008 WL 2922860, *3 (D.S.C. July 24, 2008); see also 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari...."); U.S. Sup. Ct. R. 10(b) (stating that certiorari is considered where "state court of last resort" has decided an important federal question); U.S. Sup. Ct. R. 13 (stating that the time period for a petition for a writ of certiorari is 90 days from the decision or judgment of a state court of last resort).



the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

Cash filed his first PCR application on July 18, 2005. The period of limitations was tolled during the pendency of the PCR action until October 1, 2012, when the South Carolina Court of Appeals issued the remittitur from its order affirming the decision of the trial court.[5] Accordingly, Cash had until October 1, 2013 to file a timely federal habeas petition.

Cash filed a second PCR application on October 17, 2012. However, this application did not toll the statute of limitations for the instant federal Petition because the PCR court dismissed it as untimely. See Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that a state PCR application that is rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2) and therefore does not entitle the petitioner to statutory tolling). Therefore, Cash's statutory deadline expired on October 1, 2013.

Although Cash filed a motion for a new trial on September 17, 2014, in the Spartanburg County Court of General Sessions, this motion was filed after the expiration of the one-year limitations period under § 2244(d)(1)(A). Even assuming that the newly discovered evidence Cash relied upon in his motion would qualify Cash to toll the one-year statute of limitations period

---

[5] The respondent also included a calculation of Cash's PCR action tolling the statutory deadline until the remittitur was filed in the Spartanburg County Clerk's office on October 2, 2012. (See Respt.'s Mem. Supp. Summ. J., ECF No. 15 at 20.) The court has used the date that the remittitur was issued. See Gonzalez, 132 S. Ct. at 654 n.10 (distinguishing between the provisions of § 2244(d)(2) and (d)(1)); see also Rule 221(b), SCACR. However, out of an abundance of caution, even considering the latest of the above-discussed dates, Cash's Petition was untimely, as it was filed over two years after the expiration of the statute of limitations. See Beatty v. Rawski, 97 F. Supp. 3d 768, 772-76 (D.S.C. 2015) (tolling the statutory deadline until the remittitur is filed in the county clerk's office).



governing federal habeas petitions, such proceedings must commence prior to the expiration of the federal statutory period. See 28 U.S.C. § 2244(d). Thus, Cash's motion for a new trial did not toll or revive the already expired statute of limitations for filing his federal habeas action.[6]

Cash's federal Petition was filed on February 29, 2016[7]—approximately two years and five months after the expiration of the statute of limitations.

**C.     Cash's Response**

**1.     Equitable Tolling**

In response to the respondent's argument that his federal Petition was untimely filed, Cash appears to argue that he is entitled to equitable tolling. (Petr.'s Resp. Opp'n Summ. J., ECF No. 28.) To avoid application of § 2244(d) regarding the timeliness of the instant federal habeas Petition, Cash must show that the one-year limitations period should be equitably tolled under applicable federal law. See Holland v. Florida, 560 U.S. 631 (2010) (concluding that § 2244(d) is subject to

---

[6] To the extent that Cash's argument could be construed to assert that his "newly discovered evidence" should delay the commencement of the limitations period pursuant to § 2244(d)(1)(D), the court finds this argument to be without merit. Section 2244(d)(1)(D) provides that the limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The relevant date in examining § 2244(d)(1)(D) is the date that Cash could have discovered through the exercise of reasonable diligence the claims presented in his Petition. The "newly discovered evidence" that Cash introduced in his motion for a new trial consisted of affidavit testimony from Tracie Lanning (dated September 8, 2011) and a sworn statement from Tammy Page (dated June 10, 2013), which he argued would impeach the testimony presented at trial by Roger Abernathy and Stacey Abernathy, respectively. (ECF No. 1-2 at 9-11; see Respt.'s Mem. Supp. Summ. J., ECF No. 15 at 60-67.) Even assuming without deciding that this evidence could not have been discovered earlier through the exercise of due diligence, and even assuming without deciding that Cash's newly discovered evidence satisfies the requirements of § 2254(d)(1)(D), Cash's federal Petition was nonetheless filed over a year and half after the expiration of the statute of limitations.

[7] See Houston v. Lack, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).



the principles of equitable tolling); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (same). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citation omitted); see also Holland, 560 U.S. at 649. Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003) (*en banc*) (internal quotation marks and citation omitted); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246.

Cash's arguments that he is entitled to equitable tolling appear to focus entirely on periods of time prior to the issuance of the South Carolina Court of Appeals's September 12, 2012 order affirming the decision of the trial court after conducting a review of Cash's direct appeal issues. As discussed above, Cash's conviction did not became final pursuant to § 2244(d)(1)(A) until October 1, 2012. Accordingly, any period of time prior to this date is not relevant to Cash's one-year statute of limitations calculation. Notably, Cash makes no argument as to why he waited over three years *after the conclusion of his 2005 PCR proceedings* to file his federal habeas petition. Accordingly, Cash has failed to provide sufficient information to demonstrate that he has been pursuing his rights diligently to timely file a federal habeas petition. See Holland, 560 U.S. at 649; Pace, 544 U.S. at 418-19 (denying equitable tolling to a habeas petitioner who waited years to file his PCR petition and months after his PCR trial to seek relief in federal court); Harris, 209 F.3d at 330 ("Under

long-established principles, petitioner's lack of diligence precludes equity's operation."). To the extent the respondent has construed Cash's pleadings as arguing that he is entitled to equitable tolling due to a witness allegedly presenting false testimony during Cash's trial (Respt.'s Reply, ECF No. 29 at 2-4), Cash has similarly failed to show extraordinary circumstances such that he was prevented from timely filing his federal Petition, or that he has been diligently pursuing his rights.

### 2.     Actual Innocence

The respondent also has construed Cash's pleadings as raising an argument of actual innocence. (Respt.'s Reply, ECF No. 29 at 4.) While unclear, it appears that the respondent has interpreted Cash's filings as arguing that false testimony presented during his trial resulted in a "troubling . . . finding of guilt." (See Petr.'s Resp. Opp'n Summ. J., ECF No. 28 at 6.) It appears that, to the extent Cash raises this argument, he relies on the evidence presented in his state court motion for a new trial. In support of his motion for a new trial, Cash presented affidavit testimony from Tracie Lanning and a sworn statement from Tammy Page, which he argued would impeach the testimony presented at trial by Roger Abernathy and Stacey Abernathy, respectively. (ECF No. 1-2 at 9-11; see Respt.'s Mem. Supp. Summ. J., ECF No. 15 at 60-67.)

While the United States Supreme Court has held that "actual innocence, if proved, may serve as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations," the Court cautioned that "tenable actual-innocence gateway pleas are rare." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). To present a credible claim of actual innocence, a petitioner must present "new reliable evidence—whether it be exculpatory evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). "[A] petitioner does not meet the



threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329; see House v. Bell, 547 U.S. 518, 538 (2006) (reiterating that the Schlup standard "is demanding and permits review only in the extraordinary case") (internal quotations omitted). The McQuiggin Court also noted that " 'the timing of the [petition]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence," and "[u]nexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." McQuiggin, 133 S. Ct. at 1928, 1935 (quoting Schlup, 513 U.S. at 332) (alterations in original).

Based on the record presented, it is clear that the allegedly new evidence at issue was available to Cash on September 8, 2011 (see Page Statement, ECF No. 1-2 at 10-11) and on June 10, 2013 (see Lanning Aff., ECF No. 1-2 at 9). As discussed above, Cash's limitations period pursuant to § 2244(d)(1)(A) expired on October 1, 2013.[8] As any allegedly new evidence was available to Cash prior to the expiration of his limitations deadline, Cash has failed to provide sufficient information to demonstrate that he has been pursuing his rights diligently to timely file a federal habeas petition. McQuiggin, 133 S. Ct. at 1928, 1935; Holland, 560 U.S. at 649; Pace, 544 U.S. at 418-19; Harris, 209 F.3d at 330.

Moreover, to the extent Cash alleges that this new evidence would have established his innocence, such allegations were rejected by the state court. (ECF No. 15-16.) As pointed out by the respondent, it does not appear that Cash appealed the state court's decision on this matter. (Respt.'s Mem. Supp. Summ. J., ECF No. 15 at 7-8.) Cash has failed to present any argument in his

---

[8] Even if the court were to construe the limitations period pursuant to § 2244(d)(1)(D), Cash's Petition would still be untimely. See supra note 6.



federal Petition that would call the state court's determination into question.  Cf. Schlup, 515 U.S. at 327; see also United States v. Mikalajunas, 186 F.3d 490,494 (4th Cir. 1999), cert. denied, 529 U.S. 1010 (2000) (stating that the actual innocence exception is satisfied only by a showing of actual factual innocence and that a showing that a petitioner is legally but not factually innocent does not suffice).

Additionally, Cash's proffered evidence does not demonstrate "actual innocence" because he has not shown that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  Schlup, 513 U.S. at 327.  It is the responsibility of the jury to weigh credibility and to resolve any conflicts in the evidence presented.  See United States v. Murphy, 35 F.3d 143, 148 (4th Cir. 1994).  Further, "if the evidence supports different, reasonable interpretations, the jury decides which interpretation to believe."  Id.  Moreover, Cash has failed to show that his new evidence—which may have, at most, impeached some witnesses' testimony—would have made it more likely than not that no reasonable juror would have convicted Cash, especially in light of the evidence presented at trial.  (See, e.g., Respt.'s Mem. Supp. Summ. J., ECF No. 15 at 60-67) (summarizing the evidence presented at trial).  Accordingly, any such argument Cash may be making is insufficient to convince the court that this is such an "extraordinary case" to justify applying the "extremely rare" actual innocence exception.  Schlup, 513 U.S. at 321-22.

## RECOMMENDATION

Based upon the foregoing, the court finds that, to the extent Cash raises an argument of actual innocence, Cash has failed to meet the demanding standard that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  Schlup, 513 U.S. at



327. Accordingly, any such claim is insufficient to overcome the court's finding that his Petition was untimely filed and is therefore barred pursuant to § 2244(d)(1). Nor has Cash presented grounds that would entitle him to equitable tolling. The court therefore recommends that the respondent's motion for summary judgment (ECF No. 14) be granted and Cash's Petition dismissed as untimely.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 13, 2016
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).