

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| RONNIE LEE CASH, <br>     Petitioner, <br><br> vs. <br><br> WARDEN JOSEPH MCFADDEN, <br>     Respondent. | § <br> § <br> §    CIVIL ACTION NO. 0:16-0716-MGL <br> § <br> § <br> § |

**AMENDED ORDER ADOPTING THE REPORT AND RECOMMENDATION, GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, AND DISMISSING PETITIONER'S PETITION**

Petitioner filed this case as a 28 U.S.C. § 2254 petition. He is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Respondent's Motion for Summary Judgment be granted and Petitioner's Petition be dismissed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 13, 2016. Petitioner's objections were due on September 30, 2016. Having not received any objections, the Court entered at Order on October 5, 2016, in which it adopted the Report. The prison stamp indicates Petitioner's objections were not received in the prison mailroom until October 4, 2016. ECF No. 38-2 at 2. The Clerk of Court entered Petitioner's objections on October 6, 2016.

The Court will liberally construe Petitioner's late submission of his objections as including a motion for an extension of time and will grant the motion. Hence, the Court has reviewed the objections. But it holds them to be without merit. Therefore, it will enter judgment accordingly.

Simply put, Petitioner has failed to lodge any specific objections to the Report. Further, he neglects to present anything in his objections that causes the Court to conclude the Magistrate Judge erred in suggesting the Court dismiss Petitioner's petition. Consequently, the Court will overrule Petitioner's objections.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court the Court's October 5, 2016, Order and Judgment are **VACATED**, Respondent's Motion for Summary Judgment is **GRANTED**, Petitioner's Petition is **DISMISSED**, Petitioner's Motion to Challenge the Indictment is wholly without merit and is therefore **DENIED**, and his Motions for Reconsideration and a Hearing are **RENDERED MOOT**.

An appeal may not be taken from a district court's final order in a § 2254 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by establishing reasonable jurists would

find that any assessment of his constitutional claims by the district court is debatable or wrong and any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38. Petitioner has failed here to make the requisite showing. Consequently, his motion for a certificate of appealability is **DENIED**.

**IT IS SO ORDERED**.

Signed this 16th day of March, 2017, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.